Clark, adm'r. v Clark adm'r.

SAMUEL CLARK, Administrator of Milton Shurtleff, deceased, plaintiff in error, v. JOHN W. CLARK, Administrator of Samuel Allen, deceased, defendant in error.

*Error to Knox.*

To justify the issuing of process to a foreign county, the declaration should contain an averment that the defendant specifically promised to pay the sums of money mentioned therein to the plaintiff in the county where the suit is commenced; or, that the cause of action accrued, and the plaintiff resided, at the time of the commencement of the suit, in the latter county.

An averment, as follows, to wit: "And the said plaintiff avers that the said cause of action and indebtedness from defendant to the plaintiff accrued due in the county of Knox aforesaid, and that the contracts, upon which the said defendant became indebted to said plaintiff, accrued and were made in said Knox county," is not sufficient to confer jurisdiction on the Circuit Court of that county, it not being a clear and distinct averment of the facts necessary to be stated.

ASSUMPSIT, in the Knox Circuit Court, before the Hon. Stephen A. Douglass, and a jury, June term 1843. Verdict and judgment for the plaintiff in the Court below, for $1760·48. The defendant brought the case into this Court by writ of error. The material facts appear in the Opinion of the Court.

*C. K. Harvey,* and *J. Manning,* for the plaintiff in error, raised several points, but the following point, being decisive of the case, was only considered by the Court:

The averments in the declaration are not sufficient to give the Circuit Court of Knox county jurisdiction of the case, and authorize the Court to send its process to Tazewell county, there being no averment that the plaintiff resided in

Knox county. *Key* v. *Collins,* 1 Scam. 403, is a case in point; see, also, *Clark* v. *Harkness,* Ib. 56; *Gillett* v. *Stone,* Ib. 547; *Evans* v. *Crozier,* Ib. 548; *Shepard* v. *Ogden,* 2 do. 57; *Beaubien* v. *Brinkerhoff,* Ib. 270; *Wakefield* v. *Goudy,* 3 do. 133; *Brown* v. *Bodwell,* 4 do. 303.

*O. H. Browning,* and *W. Elliot* Jr., for defendant in error.

The Opinion of the Court was delivered by

Lockwood, J.   This action was commenced in the Circuit Court of Knox county by John W. Clark, administrator of Samuel Allen, deceased, against Milton Shurtleff.   The declaration contains the common counts in *assumpsit* for work and labor, goods sold and delivered, money lent, and money laid out and expended.   The summons was directed to the sheriff of Knox county, which being returned that the defendant was not found, the plaintiff obtained leave to amend his declaration, which was done by adding the following averment, to wit: "And the said plaintiff avers that the said cause of action and indebtedness from defendant to the plaintiff, accrued due in the county of Knox aforesaid, and that the contracts, upon which the said defendant became indebted to said plaintiff, accrued and were made in said Knox county."   Thereupon a summons was issued to Tazewell county and returned by the sheriff of that county, served upon Shurtleff.   Judgment by default was rendered against Shurtleff, and a writ of inquiry was awarded at the November term 1841.   At the same term, the death of Shurtleff was suggested, and a *scire facias* awarded to the sheriff of Tazewell county against Samuel Allen, administrator of said Shurtleff, which was returned served on the administrator by said sheriff.   At the June term 1843, a writ of inquiry was executed and judgment rendered in favor of the plaintiff below.   To reverse this judgment a writ of error has been prosecuted to this Court.

Several errors have been assigned, but it is only deemed necessary to decide whether the Circuit Court of Knox county had jurisdiction over Shurtleff, the intestate, in his life time, or over his administrator.   The averment contained

in the amendment to the declaration is not sufficient. What the pleader meant by the phrase, "accrued due in the county of Knox," is not readily perceived. It is not, however, a clear and distinct averment that Shurtleff, the intestate, specifically promised to pay the various sums of money mentioned in the declaration, to the plaintiff's intestate in the county of Knox. Without such an averment, or that the cause of action accrued, and the plaintiff resided at the time of the commencement of the suit in the county of Knox, the Circuit Court of Knox county had no authority to issue its process to Tazewell county. *Key* v. *Collins*, 1 Scam. 403.

For the want of a sufficient averment to give the Knox Circuit Court jurisdiction, the judgment below is reversed.

*Judgment reversed.*